Mark and Kimberly Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

FILED
APR 05 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Aussieker, Kimberly Aussieker<br><br>Plaintiff,<br><br>v.<br><br>QUALITY 1st HOME IMPROVEMENT<br>Defendant(s) | No. 2 19 CV 595 TLN KJN PS<br><br>**COMPLAINT FOR DAMAGES**<br>Trial by Jury not requested |

Plaintiff MARK AUSSIEKER ("Plaintiff"), on behalf of himself alleges as follows:

1. Plaintiff Mark Aussieker ("Plaintiff" or "Mr. Aussieker") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act "TCPA", 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Upon information and belief, Defendants have jointly and severally placed telemarketing calls to a telephone number Mr. and Mrs Aussieker had registered on the national Do Not Call Registry without consent. As a result, Defendants are liable for those calls.

1

## PARTIES

3. Plaintiff Mark Aussieker is an individual and resident of the state of California.

4. Defendant QUALITY FIRST HOME IMPROVEMENT, INC is a California corporation that registered with secretary of state of California to conduct lawfull business. QUALITY FIRST HOME IMPROVEMENT, INC is a "person" as de fined by 47 US.C. § 153 (39). Will be referred to as "VENTURES"

## Jurisdiction & Venue

5. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

8. This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

## TCPA Background

9. TCPA Background In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone

2

Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

## THE TCPA PROHIBITS TELEMARKETING CALLS TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY, UNLESS THE CALLER HAS THE RECIPIENT'S SIGNED, WRITTEN CONSENT.

10. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. Id.

14. Any person whose receives any phone in violation 47 U.S.C. § 227(b)(1) (A) can sue the violator and seek statutory damages. 47 U.S.C §227(b)(3)(B) This is commonly refered to as the auto dialer statue or ATDS.

47 U.S.C. § 227(b)(1) (A) to make any call (other than a call made for emergency purposes or

made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the federal government."

15. Automatic Telephone Dialing System, which the statute defines as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 USC 227(a)(1). Notwithstanding this limited definition, the Ninth Circuit ruled in Marks v. Crunch San Diego, LLC that an ATDS means more than what the statute says. The question is whether, in order to be an ATDS, a device must dial numbers generated by a random or sequential number generator or if a device can be an ATDS if it merely dials numbers from a stored list."

16. The Court answered in the affirmative merely that if the dialer dials numbers from a stored list, it is considered an ATDS. Marks decision is now the law of the land in the 9th circuit as of February 19th after the parties settled.

17. All a plaintiff needs to show is that a call or text message was made using an auto dialer to a number assigned to cellular service, or that the calling party was charged for the call. In this case, both plaintiffs received calls on thier cellular phones where they were both charged for the call.

**Factual Allegations**

18. Plaintiff MARK AUSSIEKER's phone number ending in 8006 was added to the

4

Do Not Call list in February 2003.

19. Plaintiff has maintained the same cell phone ending in 8006 continuously since 2002.

20. PLAINTIFF does not have a "landline" and uses his cell phone primarily. There is an "office phone" in his office.

21. QUALITY is licensed contractor.

22. On April 4th, 2019 QUALITY undertook the misguided effort to solicit MARK AUSSIEKER on his cellular phone.

23. During and/or in regard to the 1st Call, Defendant knowingly and/or willfully:

- Called MARK AUSSIEKER's cellular telephone without Plaintiff's prior express consent or approval
- used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.
- Dead silence and a long pause before a representative could join the phone call.
- Manipulated the caller-id displayed to show 916-702-6318
- A long pause and pre-recorded message is indicative of the use of an autodialer.
- No such warning was given to plaintiff that all calls were being recorded
- A screenshot is attached to the last page as exhibit A

24. After the call was completed, MARK AUSSIEKER called 916-702-6318 from his office telephone and learned that the caller was Quality 1st Home Improvement.

25. During Plaintiffs call to 916-702-6318, plaintiff was alerted that all calls were being recorded. Plaintiff hung up because he wanted to be able to record the call but was not set up to do so at that time.

26. The reason for QUALITY to call plaintiff was promote its availability to perform acts which require a California Contractors license.

27. One of the newer types of inexpensive marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows for short text messages to be sent from one cell phone to another or from the internet to a cell phone.

28. An "SMS message" is a text message call[1] directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

29. Unlike more conventional methods of advertising like mailers or radio ads, SMS messages, and particularly unauthorized messages, invade privacy and actually cost plaintiff money, because he incurs a usage allocation deduction from the total amount of data allowed under his cell phone plan.

30. QUALITY used this new technology to create "mobile alerts," or recurring programs in which text messages are automatically sent en masse to persons within thier database.

31. On April 5th, 2019 , QUALITY undertook a misguided effort to increase sales by causing the transmission of an unauthorized text messages advertisements in the form of mobile

---

[1] The Ninth Circuit in Satterfield noted this technological issue and without further discussion determined that a "call" could include an SMS message. See Satterfield,569 F.3d at 954; see also Joffe, 121 P.3d 831. FCC further clarified In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 F.C.C.R. 14014, 14115 (July 3, 2003) (the "2003 Order"). This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service

alerts to the cell phones of PLAINTIFF.

32. QUALITY utilized a new marketing platform witch promoted unverified 5 star reviews for its salespersons. All of the reviews occurred in the last month and sales person had been working for QUALITY for the last 2 years.

33. QUALITY utilized a 3rd party to send the text message and therefore it was sent using SMS and not hand dialed, inferring that an Auto dialer was used to send that message.

34. Defendant did not obtain a signature from plaintiff per 47 C.F.R. §64.1200(f)(8) that authorized the text messages.

35. Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for reviewing the text, decreased battery life, could not play on internet while reviewing text messages, the nuisance of receiving an unsolicited text message, defendants bothering him with unrequested solicitations.

36. The only reason why the Plaintiff MARK AUSSIEKER faked interest in the 1st call was to identify the telemarketer that was behind the calls[2].

37. PLAINTIFF never consented to receive these calls.

38. PLAINTIFF never directed QUALITY to place these calls, utilize an automatic dialer, record conversations or send text messages.

39. PLAINTIFFS have a concrete injury being the receipt of such phone calls that Congress intended to remedy through passage of the TCPA.

40. Plaintiffs is self-interested and has been recruited by the reward congress has

---

[2] [i]t is safe to say that, when the telemarketers in this case called a phone belonging to Cunningham, they—presumably unwittingly—found themselves in the sights not of an ordinary hapless consumer, but a seasoned plaintiff, likely primed and ready to take them to court if their actions violated the TCPA. Nothing in the Constitution, though, requires a plaintiff to be a naïf. *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1194-95 (M.D. Tenn. 2017

offered to him. See 47 U.S.C. § 227(b)(3), (c)(5) (providing for recovery of $1500 per violation in case brought by consumer)

41. Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for answering the call, decreased battery life, could not make dinner for children while QUALITY furthered their commercial interests, the nuisance of receiving a telephone call and having to wait for the other party to pick up the phone, defendants bothering him with unrequested solicitations.

## CAUSES OF ACTION

### COUNT 1

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)**

63. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

64. Defendant's own conduct and/or by the fact that others made those calls on its behalf, ignoring the Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

65. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) . Furthermore,

Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling , not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 2

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)**

66. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

67. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to maintain a record of Plaintiffs previous demand that the Plaintiffs name and telephone number go on its Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

68. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) . Furthermore, Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling , not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an

award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 3

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Auto Dialer**

69. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

70. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

71. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 4

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Auto Dialer**

72. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

73. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

74. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

75.

## COUNT 5

**Unlawful Recording and Intercepting of Communications against Defendants**

**1st call (Violation of California Penal Code § 632.7)**

37. PLAINTIFF MARK AUSSIEKER incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

38. Plaintiff participated in calls that he received while within the State of California and that originated by and through defendants call centers. Plaintiff used a cellular telephone to engage in those conversations. Plaintiff is informed and believes and on that ground alleges that, at all relevant times,

39. Defendants and their vendor, had a policy and practice of using hardware and/or software that enabled them to surreptitiously record and/or monitor conversations with Plaintiff who used cellular or cordless telephones to receive calls from defendant.

40. Defendants and their vendor, had and followed a policy and practice of not disclosing to Plaintiff that their cellular calls were recorded and/or monitored, Defendants and their vendor, did not obtain, and could not have obtained, express or implied advance consent to the recording or monitoring of those conversations. As a result, plaintiff had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court

has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See Kearney v. Salomon Smith Barney (2006) 39 Cal. 4th 95.)

41. Defendants' conduct as described above violated California Penal Code § 632.7(a).Under Penal Code § 637.2, Plaintiff are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against QUALITY 1st HOME IMPROVEMENT, jointly and severally for the following:

1. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future.

2. For an order finding for plaintiff in all counts.

3. For an order finding the defendant knowingly and willfully violated TCPA

3. Damages of $1500 per violation in counts 1-4

4. Damages of $5000 per violation in counts 5

5. Any other relief the court deems proper.

6. Respectfully Submitted this 5th Day of April, 2019.

Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented

12

for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4th Day of April, 2019
Signature of Plaintiff
_____
Printed Name of Plaintiff _Mark Aussieker_____

Date of signing: 4th Day of April, 2019

EXHIBIT A

**Call details**

(916) 702-6318

Incoming call — 1m 0s
Thursday, April 4, 2019, 5:36 PM

Copy number

Edit number before call

Delete

---

70402

11:09 AM

Quality First Home... will see you today. Meet Reona: https://feywy.com/94i15HXgQj Reply back RESEND if link is unclickable. Send STOP to stop receiving texts

**Quality Home Improvem**
icense No. 875772 | NV License No. 74998

**Meet Reona Gilchrist**

Reona Gilchrist Sacramento- Sales 1. Hi! I'm Reona Gilchrist. My passion is helping my

ebskilimanjaro.speetra.com

11:09 AM

Text message

14

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Aussieker

### DEFENDANTS
Quality 1st Home Improvement

**(b)** County of Residence of First Listed Plaintiff   Sacramento
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Placer
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227 et seq
Brief description of cause:
Violation of Telephone consumer protection act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER 2:19 CV 595 TLN KJN

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____